# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE<br>　　　Plaintiff<br><br>v.<br><br>MICHAEL SHACKLEFORD<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 19-cv-786 |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.   INTRODUCTION

1.1   This action is brought by Jason Lee Van Dyke to vindicate profound deprivations of his constitutional rights by the Oak Point Police Department and specifically its chief, Michael Shackleford ("Shackleford").

### II.   PARTIES

2.1   At all times relevant hereto, Plaintiff, Jason Lee Van Dyke was a citizen of the United States of America and a resident of the State of Texas.

2.2   At all times relevant hereto, Defendant, Michael Shackleford, ("Shackleford"), was a citizen of the United States of America, a resident of the State of Texas and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Oak Point and/or the Oak Point Department of Public Safety. Shackleford is sued in his individual capacity.

### III.   JURISDICTION AND VENUE

3.1   This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The jurisdiction of this Court is invoked pursuant to 28

U.S.C. §§ 1331, 1343, 2201.

3.2   This case is instituted in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

### IV.   CONDITIONS PRECEDENT

4.1   All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### V.   FACTS

5.1   Plaintiff incorporates by reference herein the factual allegations contained in paragraphs 1.1 – 4.1 above.

5.2   Plaintiff was first (wrongfully) arrested by Officer Shannon Roach of the Oak Point Police Department on September 13, 2018 for the Class B misdemeanor offense of false report to a police officer.

5.3   Plaintiff learned of possible bias by Officer Roach and the department against him personally while reviewing Officer Roach's body camera footage from that evening, when Plaintiff was the victim of a burglary of his motor vehicle. Specifically, shortly after arriving on the scene, Officer Roach stepped away from Plaintiff and contacted Shackleford to inform him that he was at Plaintiff's home and to alert Shackleford that Plaintiff was the same person that a third party, presumably Thomas Christopher Retzlaff ("Retzlaff") had made previous complaints about. Shackleford's voice cannot be heard on the audio.

5.4   Although Officer Roach did not believe Plaintiff's report of the burglary, he seized Plaintiff's cellular phone and had Plaintiff's vehicle – the same one that had been

ORIGINAL COMPLAINT

      burglarized – towed from Plaintiff's driveway as "evidence". Plaintiff subsequently passed a polygraph examination concerning the incident that evening. Although Plaintiff does not presently accuse Officer Roach of any constitutional violations, he may be added as a defendant in this lawsuit if Plaintiff learns during discovery in this case that he obeyed a clearly unlawful or unconstitutional order from Shackleford.

5.5    On or around December 12, 2018, Shackleford received from Retzlaff the e-mail attached hereto as Exhibit "A" and incorporated by reference herein.

5.6    Shortly thereafter, Shackleford responded to Retzlaff's e-mail and correctly stated to him that he lacked jurisdiction to investigate Retzlaff's complaint. That e-mail is attached hereto as Exhibit "B" and incorporated by reference herein.  In fact, Article 13.37 of the *Texas Code of Criminal Procedure* specifically states that an offense for obstruction and retaliation involving a threat of harm is to be prosecuted in the county where a threat originated or was received.  The "threat" purported to have originated in Plano, Texas (Collin County). Retzlaff is a resident of Maricopa County, Arizona. Oak Point is located entirely in Denton County.

5.7    Retzlaff sent the correspondence attached as Exhibit "C" to Shackleford several days later. On information and belief, there is numerous additional correspondence between Retzlaff and either Shackleford or other officers with the Oak Point Department of Public Safety.

5.8    On January 11, 2019, Shackleford created and signed an affidavit in support of a warrant for Plaintiff's arrest for the third-degree felony offense of obstruction and retaliation, specifically stating in said affidavit that the offense occurred in Denton County. A copy of the same is attached hereto as Exhibit "D" and incorporated by reference herein.

ORIGINAL COMPLAINT

    Simply put, the evidence demonstrates that Shackleford knowingly submitted a perjured affidavit to a district judge for the purpose of obtaining a warrant for Plaintiff's arrest, and he did so at the insistence of Retzlaff.

5.9 It should further be noted that Shackleford failed to disclose in his affidavit numerous factors demonstrating a lack of credibility by Retzlaff, namely that Retzlaff has been convicted of multiple felonies in Texas (including falsification of a government record and witness tampering), that he had his parental rights to his children terminated due to credible allegations of pedophilia, and the existence of an ongoing feud between Retzlaff and Plaintiff since March of 2017. Thus, in addition to being perjured, the affidavit submitted by Shackleford was materially misleading.

5.10 The Denton County District Attorney recognized Shackleford's malfeasance in mid-to-late January and sent the case to Collin County for further investigation by the Plano Police Department.

5.11 The Plano Police Department ultimately sent the case to the Collin County District Attorney as a grand jury referral, the case was presented to a Collin County grand jury on a lesser Class B misdemeanor charge of harassment on September 26, 2019, and the case was no-billed on that date.

5.12 Shackleford is both the arresting officer in Plaintiff's case and the chief of the Oak Point Department of Public Safety. There is no internal affairs division available to investigate and punish department bias against Plaintiff due to communications with Retzlaff, or Shackleford's illegal actions against Plaintiff.

5.13 On information and belief, although Shackleford is chief of the Oak Point Department of Public Safety, he had substantially less experience and training as a law enforcement

ORIGINAL COMPLAINT

officer than the typical chief of a similar police force.

5.14  As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, severe emotional distress, severe damage to personal and professional reputation, and ongoing emotional distress and professional damages resulting from Plaintiff having a wrongful felony arrest as a part of his criminal history (which cannot, as a matter of right, be expunged until January 11, 2022 at the earliest).

## VI.   CAUSES OF ACTION

6.1  Plaintiff incorporates paragraphs 1.1 – 5.14 above into each cause of action below by reference.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Wrongful Arrest in Violation of Fourth and Fourteenth Amendments**

6.2  42 U.S.C. § 1983 provides that: "[e]very person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . ."

6.3  Plaintiff in this action is a citizen of the United States and Shackleford is a person for purposes of 42 U.S.C. § 1983

6.4  Shackleford was, at all times relevant hereto, acting under the color of state law in his capacity an Oak Point police officer and his acts or omissions were conducted within the scope of his official duties or employment.

6.5  At the time of the complained of events, Plaintiff had a clearly established constitutional

        right under the Fourth Amendment to be secure in his person from unreasonable seizure through wrongful arrest.

6.6      Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from wrongful arrest by law enforcement.

6.7      Any reasonable police officer, and a police chief in particular, knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

6.8      Shackleford's collusion with a convicted felon and subsequent falsification of an affidavit in support of an arrest warrant was objectively unreasonable in light of the facts and circumstances confronting him and violated these Fourth Amendment rights of Plaintiff. Shackleford knowingly and intentionally made a false statement in an affidavit, to wit, that an offense occurred in Denton County, and did so with reckless disregard to the truth.  As a result, Plaintiff was unreasonably restrained of his freedom.

6.9      Shackleford's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The perjuring of a felony arrest warrant by the chief of a police department shocks the conscience and violated these Fourth and Fourteenth Amendment rights of Plaintiff. Furthermore, Shackleford should have alerted the court issuing the warrant of Retzlaff's extensive prior criminal history in Texas and an ongoing feud between Plaintiff and Retzlaff that had been ongoing for at least a year.

6.10    Shackleford engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights. He did so with conscious awareness that he would cause Plaintiff severe emotional

ORIGINAL COMPLAINT

distress and that a felony arrest, wrongful or not, would destroy his personal and professional reputation.

6.11  The acts or omissions of Shackleford as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

6.12  Shackleford is not entitled to qualified immunity for the complained of conduct because he knowingly violated the law.

6.13  Shackleford was, at all times relevant hereto, acting pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in his actions (as well as those of other officers) pertaining to Plaintiff.

6.14  As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual damages for severe emotional distress, permanent damage to his personal reputation, permanent damage to his professional reputation, impaired earning capacity (Plaintiff is unemployable) and loss of earnings.

6.15  Plaintiff is also entitled to punitive damages against Shackleford under 42 U.S.C. § 1983, in that his actions were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Malicious Prosecution in Violation of Fourth and Fourteenth Amendments**

6.16  Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

6.17  42 U.S.C. § 1983 provides that: "[e]very person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other

  person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…"

6.18 Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

6.19 Shackleford was, at all times relevant hereto, acting under the color of state law in his capacity as an Oak Point police officer and his acts or omissions were conducted within the scope of his official duties or employment.

6.20 At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

6.21 Any reasonable police officer, and especially a police chief, knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time

6.22 Shackleford violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when he worked in concert with Retzlaff to secure false charges against Plaintiff, resulting in his unlawful confinement and potential prosecution.

6.23 Shackleford conspired and/or acted in concert with Retzlaff to institute, procure and continue a criminal proceeding for obstruction and retaliation against Plaintiff without probable cause.

6.24 Shackleford engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

ORIGINAL COMPLAINT

6.25  Shackleford's procurement of prosecution against Plaintiff for the known to be false allegations of obstruction and retaliation were malicious, shocking, and objectively unreasonable in the light of the circumstances.

6.26  Those criminal proceedings terminated in Plaintiff's favor.  The case was transferred tot Collin County where it was presented as the lesser included offense of harassment.  The grand jury no-billed Plaintiff, demonstrating not only that the case could not have been proven beyond a reasonable doubt, but that the charge lacked probable cause to begin with.

6.27  The acts or omissions of Shackleford as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

6.28  Shackleford is not entitled to qualified immunity for the complained of conduct because he knowingly violated the law.

6.29  Shackleford was, at all times relevant hereto, acting pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

6.30  As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual damages for severe emotional distress, permanent damage to his personal reputation, permanent damage to his professional reputation, impaired earning capacity (Plaintiff is unemployable) and loss of earnings.

6.31  Plaintiff is also entitled to punitive damages against Shackleford under 42 U.S.C. § 1983, in that his actions were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

because he knowingly violated the law.

ORIGINAL COMPLAINT

## VII. PRAYER

7.1    For these reasons, Plaintiff asks for a judgment against Defendant for the following:

   a.   compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, damage to professional reputation, impaired earning capacity, and loss of earnings;

   b.   economic losses on all claims allowed by law;

   c.   punitive damages on all claims allowed by law;

   d.   pre-and-post judgment interest at the lawful rate; and

   e.   all other relief the Court deems appropriate.

   Respectfully submitted,

   /s/ Jason Lee Van Dyke
   Jason L. Van Dyke
   PO Box 2618
   Decatur, TX 76234
   P – (940) 305-9242
   Email:  jasonleevandyke@protonmail.com

ORIGINAL COMPLAINT