## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
| | § | |
| v. | § | CASE NO. 4:19-CV-00786 |
| | § | |
| MICHAEL SHACKLEFORD | § | |

## DEFENDANT MICHAEL SHACKLEFORD'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **MICHAEL SHACKLEFORD**, Defendant, pursuant to Federal Rule of

Civil Procedure 12(b)(6), and files his MOTION TO DISMISS, and would show:

## I.
## INTRODUCTION AND OVERVIEW OF ARREST OF PLAINTIFF BY WARRANT

This is an alleged False Arrest and "Malicious Prosecution" case against the Oak Point Police

Chief Michael Shackleford.  The pro se Plaintiff Jason Van Dyke is an attorney who is currently

suspended from the practice of law for some of very events which underlie this case - - threatening

to kill a witness [Tom Retzlaff] in State Bar disciplinary proceedings.  Tellingly, Plaintiff does not

deny in this lawsuit that he sent threatening emails to witness Retzlaff.  The emails were as follows:

"I promise you this motherfucker: if my law career dies, you die with it."

"Go fuck yourself and what's left of your miserable life.  You have destroyed my life,
and for that offense, you will pay with your own.  That's not a threat.  That's a
PROMISE motherfucker."

In the State Bar Disciplinary proceedings the State Bar alleged,[1] and Plaintiff [who was

represented by Counsel] agreed and admitted, there was evidence Plaintiff made "threats of physical

violence to Complainant Thomas C. Retzlaff thereby committing criminal acts . . ."

---

[1] In addition to the emails identified above and which formed the basis of the WARRANT OF ARREST,
Plaintiff was alleged to have sent various other threatening emails to the witness Retzlaff.  See, Ex. 9 attached hereto.

At the time of the emailed threats, December 12, 2018, Plaintiff resided and also represented to have his Law Office in Crossroads, Denton County, Texas, a community who police jurisdiction was contracted with the City of Oak Point. The reported victim, Retzlaff, resided in Arizona.

Chief Shackleford completed a Probable Cause Affidavit on January 11, 2019, which succinctly set out the objectively reasonable basis establishing probable cause for the Felony Offense of "Obstruction or Retaliation" in violation of TEXAS PENAL CODE Section 36.06.  Plaintiff does not dispute that the Probable Cause Affidavit was reviewed by Denton County District Court Judge Bruce McFarling, who then expressly determined that probable cause existed for the arrest of Plaintiff for the Felony criminal offense of Obstruction or Retaliation. Plaintiff was thereafter arrested January 11, 2019,[2] pursuant to the WARRANT OF ARREST issued by Judge McFarling.  The existence of probable cause was reiterated by findings of the reviewing Magistrate Robin Ramsay when Plaintiff was arraigned in the Denton County jail.

The core of Plaintiff's complaint herein is that Chief Shackleford was not authorized to investigate the email death threats because "venue" did not lie in Denton County, and further, that Chief Shackleford did not "disclose" the "lack of credibility" of reporting witness/victim Retzlaff. He further contends that a subsequent investigation by the Plano Police Department for the misdemeanor criminal offense of Harassment and a September 26, 2019, "No-Bill" by a Collin County Grand Jury on such charge demonstrates an absence of probable cause for his earlier arrest.

Plaintiff's claims simply cannot survive the plausibility requirement of Rule 12(b)(6). Plaintiff's conclusory contentions cannot overcome Chief Shackleford's qualified immunity nor do Plaintiff's allegations present plausible claims for False Arrest or Malicious Prosecution, particularly on these alleged facts.  Dismissal of Chief Shackleford should follow as detailed more fully below.

---

[2]In actuality, Plaintiff was served with the WARRANT OF ARREST when Plaintiff was already incarcerated in the Denton County Jail for a ALIAS CAPIAS WARRANT issued in another criminal case against Plaintiff.

## II.
## GROUNDS FOR RELIEF

Pursuant to Local Rule CV-7(a)(1), Chief Michael Shackleford requests that the Court decide the following issues as presented in his motion:

1.     Whether the Plaintiff has plead any plausible claim for "False Arrest" since the causal connection has been broken by a Magistrate's Determination of Probable Cause and issuance of an Arrest Warrant;

2.     Whether the Plaintiff has plead any plausible claim for "Malicious Prosecution" as such cause of action is not recognized by the Fifth Circuit;

3.     Whether the Plaintiff has plead any plausible Federal claims against Chief Shackleford which would overcome his Qualified Immunity; and

4.     Whether Plaintiff has plead any plausible claims allowing recovery of punitive damages against Chief Shackleford.

## III.
## AUTHORITY FOR EXHIBITS AND REQUEST FOR JUDICIAL NOTICE

The following provides a summary of and authority for Chief Shackleford's fourteen exhibits attached hereto and a request for judicial notice of same.

### A.     Summary of and Authority for Defendant's Exhibits

To assist the Court in locating each exhibit to and/or reference(s) in PLAINTIFF'S ORIGINAL COMPLAINT, the following footnoted list of Chief Shackleford's fourteen exhibits is provided:

1.     Probable Cause Affidavit completed by Chief Shackleford on January 11, 2019, for Felony criminal offense of Obstruction or Retaliation;[3]

2.     WARRANT OF ARREST No. CO1901101-A issued by Denton County District Court Judge Bruce McFarling on January 11, 2019, for Felony criminal offense of Obstruction or Retaliation;[4]

---

[3] See, COMPLAINT [Doc.1], p. 3, paragraph 5.8 (referencing Probable Cause Affidavit); Plaintiff's "Exhibit D" [Doc. 1-4], p. 3-4 (attaching Probable Cause Affidavit).

[4] See, COMPLAINT [Doc.1], p. 3, paragraph 5.8 (referencing Probable Cause Affidavit); Plaintiff's "Exhibit D" [Doc. 1-4], p. 2 (attaching WARRANT OF ARREST).

3.      AFFIDAVIT OF TOM RETZLAFF and attachments;[5]

4.      Two Emails from Jason Van Dyke to Tom Retzlaff on December 12, 2018;[6]

5.      Email from Tom Retzlaff to Brian Howard, copying Chief Shackleford and 5 others on January 4, 2017;[7]

6.      Email from Tom Retzlaff to Brian Howard, copying Chief Shackleford and 2 others on January 7, 2017;[8]

7.      Denton County Magistrate Robin Ramsay's DETERMINATION OF PROBABLE CAUSE on January 11, 2019, for criminal offense of Obstruction or Retaliation;[9]

8.      THIRD AMENDED EVIDENTIARY PETITION filed December 18, 2018, in the matter styled *Commission For Lawyer Discipline v. Jason Lee Van Dyke*, Case No. 201707583 before the State Bar Of Texas;[10]

9.      AGREED JUDGMENT OF PARTIALLY PROBATED SUSPENSION entered February 2019, in the matter styled *Commission For Lawyer Discipline vs. Jason Lee Van Dyke*, Case No. 201707583 before the State Bar Of Texas;[11]

---

[5] See, COMPLAINT [Doc.1], p. 3, paragraph 5.8 (referencing Probable Cause Affidavit); Plaintiff's "Exhibit D" [Doc. 1-4], p. 3-4 (attaching Probable Cause Affidavit which references Tom Retzlaff Affidavit on p. 3).

[6] See, COMPLAINT [Doc.1], p. 3, paragraph 5.5 (referencing the two December 12, 2018, emails); Plaintiff's "Exhibit A" [Doc. 1-1](email from Retzlaff providing the two December 12, 2018 emails).

[7] See, COMPLAINT [Doc.1], p. 3, paragraph 5.7 ("there is numerous additional correspondence between either Retzlaff and either Shackleford or other officers with Oak Point Police Department of Public Safety"); Plaintiff's "Exhibit A" [Doc. 1-1](email from Retzlaff providing the two December 12, 2018 emails); Plaintiff's "Exhibit B" [Doc. 1-2](email from Chief Shackleford to Retzlaff and others); Plaintiff's "Exhibit C" [Doc. 1-3](email from Retzlaff to Chief Shackleford and others);

[8] *Id*.

[9] See, COMPLAINT [Doc.1], p. 8, paragraph 6.23 ("Shackleford conspired and/or acted in concert with Retzlaff to institute, procure and continue a criminal prosecution against Plaintiff without probable cause.").

[10] See, COMPLAINT [Doc.1], p. 7, paragraph 6.14 ("Plaintiff has suffered . . . permanent damage to his personal reputation, permanent damage to his professional reputation, impaired earning capacity . . .); p. 9, paragraph 6.30 (same); p. 10, paragraph 7.1(a)(seeking recovery for "damage to professional reputation"); This is also a public record.  See, *Van Dyke v. Retzlaff*, Case No. 4:18-cv-247, Eastern District of Texas, Sherman Division [Dkt. 92-5] filed July 12, 2019.

[11] See, COMPLAINT [Doc.1], p. 7, paragraph 6.14 ("Plaintiff has suffered . . . permanent damage to his permanent damage to his professional reputation, impaired earning capacity . . .); p. 9, paragraph 6.30 (same); p. 10, paragraph 7.1(a)(seeking recovery for "damage to professional reputation"); This is also a public record.  See, https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/Sanction.cfm&JWID=4700156

10.    PLEA AGREEMENT AND JUDGMENT entered February 26, 2019, in the case styled *State of Texas vs. Jason Van Dyke*, Case No. CR-2018-07544-E, for False Report To a Police Officer in the County Criminal Court at Law Number Five of Denton County, Texas;[12]

11.    JUDGMENT NISI entered December 21, 2018, in the case styled *State of Texas vs. Jason Van Dyke*, Case No. CR-2018-07544-E in the County Criminal Court at Law Number Five of Denton County, Texas;[13]

12.    Alias Capias Warrant worksheet entered December 21, 2018, in the case styled *State of Texas vs. Jason Van Dyke*, Case No. CR-2018-07544-E in the County Criminal Court at Law Number Five of Denton County, Texas;[14]

13.    Denton County Jail Records Search Detail for Jason Lee Van Dyke;[15] and

14.    Denton County Magistrate Robin Ramsay's DETERMINATION OF PROBABLE CAUSE on January 9, 2019, for the offense of False Report To A Police Officer.[16]

The foregoing exhibits constitute: (1) public records referenced in Plaintiff's COMPLAINT, and/or (2) complete copies of exhibits referenced in Plaintiff's COMPLAINT, and/or (3) complete series of correspondence and exhibits [partially] referenced in Plaintiff's COMPLAINT, as footnoted for each. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference. . . . " *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *United States ex rel. Riley v. St. Luke's Episcopal Hosp*., 355 F.3d 370, 377

---

[12]See, COMPLAINT [Doc.1], p. 2, paragraph 5.2 (relaying Plaintiff's arrest for Class B Misdemeanor offense of False Report to a Police Officer); This is also a public record.  See, Denton County Criminal Case Records Search Results:  http://justice1.dentoncounty.com/PublicAccess/CaseDetail.aspx?CaseID=2613084

[13] *Id.*

[14] *Id.*

[15]See, COMPLAINT [Doc.1], p. 2, paragraph 5.2 (relaying Plaintiff's arrest for Class B Misdemeanor offense of False Report to a Police Officer); This is also a public record.  See, Denton County Jail Records Search Results:  http://www.justice1.dentoncounty.com/AttorneyPA/JailingSearchResults.aspx

[16]See, COMPLAINT [Doc.1], p. 2, paragraph 5.2 (relaying Plaintiff's arrest for Class B Misdemeanor offense of False Report to a Police Officer); This is also a public record.  See, Denton County Criminal Case Records Search Results:  http://justice1.dentoncounty.com/PublicAccess/CaseDetail.aspx?CaseID=2613084

(5th Cir. 2004); *Myers v. Textron, Inc.*, 540 Fed. App'x. 408, 409 (5ᵗʰ Cir. Oct. 2, 2013)(per curiam)(unpublished).

Plaintiff has incorporated and/or referenced such exhibits and/or partially identified, attached and/or and referenced such exhibits and/or emails to/from the victim Tom Retzlaff, so further, under the rule of optional completeness, Defendant is tendering the emails and other complete documents. Additionally, many of the foregoing Exhibits are public records which constitute the complete copy of an exhibit or record included and/or incorporated by reference into the Plaintiff's COMPLAINT, and/or a complete series of emails referenced in the Plaintiff's COMPLAINT, as footnoted for each.

### B.    Request for Judicial Notice of Defendant's Exhibits

The foregoing exhibits are not being provided as evidence but in order to assist the Court with locating public records, of which the Court may take judicial notice. See, FED. R. EVID. 201; *Papasan V. Allain*, 478 U.S. 265, 269 (1986).  Thus, Defendant respectfully requests that the Court take such judicial notice of the exhibits attached hereto. *See Garrett v. Comcast Communications, Inc.*, 3:04-CV-0693-P, 2004 WL 2624679, at *2 (N.D. Tex. Nov. 17, 2004)(court may consider public records attached to motion to dismiss without conversion to a motion for summary judgment).

### IV.
### PERTINENT FACTUAL BACKGROUND

For purposes of dismissal under FED. R. CIV. P. 12(b)(6), the following are pertinent facts[17] and allegations gleaned from the Plaintiff's lawsuit,[18] the foregoing Exhibits, and public records.

---

[17]Because this motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), the factual allegations in Plaintiff's COMPLAINT are taken as true. However, nothing contained herein is intended to serve as a waiver of the Defendant's right to challenge the veracity of same at trial or in the presentation of a further dispositive motion if even necessary.

[18]In addition to the instant litigation, Plaintiff has also - - earlier - - filed suit against Tom Retzlaff.  See, *Van Dyke v. Retzlaff*, Case No. 4:18-cv-247, Eastern District of Texas, Sherman Division, filed April 10, 2018.

Michael Shackleford is the Chief of Police for the City of Oak Point, Texas, a duly certified Texas peace officer, and acting in the scope of his official duties at all times relevant to this case.[19] Pro se Plaintiff Jason Van Dyke is an attorney who is currently suspended from the practice of law.[20]

Plaintiff and an individual named Tom Retzlaff have been engaged in very acrimonious and public discourse stemming, in part, from Retzlaff's allegations about Plaintiff's ties to Neo-Nazi groups and online commentaries.  This battle has been reported widely by the media[21] and is the subject of litigation between these two, with one case pending in the Eastern District of Texas.[22] Importantly for purposes of this lawsuit, Retzlaff was also a complainant and witness in a State Bar of Texas Disciplinary proceeding against Plaintiff.[23]  Retzlaff is a resident of Arizona.[24]

On December 12, 2018, Retzlaff sent a detailed email to Chief Shackleford and copied thirteen others [including State Bar Assistant Disciplinary Counsel Kristin Brady] alleging, in part:

> "Jason Van Dyke, the man you arrested three months ago[25] for making a false police report pertaining to a burglary and theft of guns, has just sent me the attached emails saying he is going to murder me."[26]

Retzlaff also made allegations about threats by Plaintiff against a Denton City Council member.[27]

---

[19]See, COMPLAINT [Dkt. 1], p. 3, paragraph 2.2; p. 4, paragraph 5.12; p. 5, paragraph 6.4; Ex. 1, p. 1

[20]See, Ex. 8

[21]See, i.e., https://www.star-telegram.com/news/state/texas/article225232745.html; https://www.dallasobserver.com/news/former-proud-boy-lawyer-jason-van-dyke-says-an-internet-stalker-is-destroying-his-career-11641420;https://dentonrc.com/news/who-is-the-man-who-led-to-jason-van-dyke/article_037f93d8-c541-54ef-a6ff-24648c4a51cc.html

[22]See, *Van Dyke v. Retzlaff*, Case No. 4:18-cv-247, Eastern District of Texas, Sherman Division

[23]See, COMPLAINT EXHIBIT A [Dkt. 1-1], p. 2; EX. 1;  EX. 8;  and Ex. 9

[24]See, COMPLAINT [Dkt. 1], p. 3, paragraph 5.6;  Ex. 3

[25]See, COMPLAINT [Dkt. 1], p. 2, paragraph 5.2.  Plaintiff plead guilty to this misdemeanor offense on February 26, 2019, [See, Ex. 10] although he has retained counsel and is seeking to have this plea set aside.

[26]See, COMPLAINT [Dkt. 1], p. 3, paragraph 5.5 and Exhibit A [Dkt. 1-1].

[27]See, COMPLAINT Exhibit A [Dkt. 1-1], p. 1.

Retzlaff provided the two emails he [Retzlaff] claimed were sent to him by the Plaintiff.[28] The emails made death threats against Retzlaff, as follows:

"I promise you this motherfucker: if my law career dies, you die with it."[29]

"Go fuck yourself and what's left of your miserable life.  You have destroyed my life, and for that offense, you will pay with your own.  That's not a threat.  That's a PROMISE motherfucker."[30]

The emails reflect they were sent by "Jason Van Dyke" and included the electronic business card information for Jason Van Dyke and The Van Dyke Law Firm, P.L.L.C. with an address in Crossroads, Texas.[31]   Retzlaff also provided detailed information about his beliefs concerning the situs of where the emails originated,[32] which Retzlaff described "geo-locates to Plano, TX" .[33]

Chief Shackleford responded to Retzlaff on December 13, 2018, thanking him for the information and initially advising him, in effect, to contact another law enforcement agency.[34] Plaintiff describes "Shortly thereafter, Shackleford responded to Retzlaff's e-mail and correctly stated to him that he **lacked jurisdiction** to investigate Retzlaff's complaint."[35] In actuality, Chief Shackleford wrote, in pertinent part, that "After reviewing both the email and attachments you sent, our department is **limited** in this due to jurisdictional issues."[36]

---

[28]See, COMPLAINT, Exhibit A [Dkt. 1-1]; Ex. 1, p. 1-2; Ex. 3, p. 1; Ex. 4; ; Ex. 9, p. 3

[29]See, Ex. 1, p. 1-2; Ex. 3, p. 1; Ex. 4; Ex. 9, p. 3

[30]See, Ex. 1, p. 1-2; Ex. 3, p. 1; Ex. 4; Ex. 9, p. 3

[31]See, Ex. 4

[32]See, COMPLAINT, Exhibit A [Dkt. 1-1], p. 1; Ex. 3, p. 2-15

[33]See, COMPLAINT, Exhibit A [Dkt. 1-1], p. 1

[34]See, COMPLAINT Exhibit B [Dkt. 1-2], p. 1

[35]See, COMPLAINT, [Dkt. 1], p. 3, paragraph 5.6 (emphasis added)

[36]See, COMPLAINT Exhibit B [Dkt. 1-2], p. 1 (emphasis added)

Chief Shackleford encouraged Retzlaff to "please continue to send us whatever you think may be relevant to our citizens and employees safety."[37]

Retzlaff did so on December 19, 2018, updating the Denton County District Attorney [Paul Johnson], a Denton County Justice of the Peace [James De Plazza], the State Bar Assistant Disciplinary Counsel [Kristin Brady], Chief Shackleford, and twelve others about his [Retzlaff's] concerns about the Plaintiff.[38] The next email from Retzlaff on January 4, 2019 [this time including, among the seven recipients, Denton County Criminal Court at Law No. 5 Judge Cody Waddill] was increasingly urgent in its tone and included a photograph of an alleged arsenal of weapons at Plaintiff's home,[39] a copy of the JUDGMENT NISI which directed issuance of a Alias Capias for Plaintiff's arrest,[40] and the County Clerk's cover sheet for the Warrant.[41] Retzlaff's January 7, 2019, email to Oak Point Sgt. Howard and three others [including Chief Shackleford] was also urgent.[42]

During this same approximate period, the Plaintiff had failed to show up for a hearing in his misdemeanor criminal case in Denton County Criminal Court No. 5, resulting in the JUDGMENT NISI entered December 21, 2018, by Judge Coby Waddill for the Plaintiff's immediate re-arrest with the express provisions of "No Bond" once he was arrested.[43] An Alias Capias warrant was issued for Plaintiff's arrest that same day.[44]

---

[37]See, COMPLAINT Exhibit B [Dkt. 1-2], p. 1

[38]See, COMPLAINT [Dkt. 1], p. 3, paragraph 5.7 ("On information and belief, there is numerous additional correspondence between Retzlaff and either Shackleford or other officers with the Oak Point Department of Public Safety."); Exhibit B [Dkt. 1-2], p. 1

[39]See, Ex. 5, p. 4

[40]See, Ex. 5, p. 2; See also, Ex. 12

[41]See, Ex. 5, p. 3; See also, Ex. 11

[42]See, Ex. 6

[43]See, Ex. 5, p. 3; See also, Ex. 11

[44]See, Ex. 5, p. 2; See also, Ex. 12

The rapidly developing dangerous situation was that Plaintiff had presumably disappeared, was reported to have an arsenal of weapons, and was, at least according to one citizen [Retzlaff], making threats of violence and/or death against a witness and also a Denton City Council member. The Denton District Attorney's Office provided Chief Shackleford with an Affidavit which Retzlaff had previously submitted to the District Attorney's Office.

Based, in part, on this new information, Chief Shackleford completed a Probable Cause Affidavit for the arrest of Plaintiff for the Felony Offense of Obstruction or Retaliation under Texas Penal Code Section 36.06.[45]   Chief Shackleford relayed information as to all the requisite elements of the offense:

* "Van Dyke, Jason Lee (W/M 04/03/1980), hereinafter styled defendant, on or about the 12 day of December, 2018, and before the making and filing of this complaint, within the County of Denton of the State of Texas, did then and there commit the felony offense of Obstruction or Retaliation (P.C. 36.06)"

* "On January 10, 2019, Director Shackleford reviewed a sworn Affidavit provided by Tom Retzlaff.  The Affidavit contained two supporting emails."

* "Tom Retzlaff is a witness or prospective witness in a case scheduled to go before the Texas State Bar regarding the DEFENDANT's law license"

* "Tom Retzlaff received two threatening emails from the DEFENDANT on December 12, 2018.  The two attachments according to Tom Retzlaff were true and correct copies sent from the DEFENDANT to him."

* "The first email sent Wednesday, December 12, 2018 at 8:00:21 AM showed the DEFENDANT writing Tom Retzlaff,  "'I promise you this motherfucker: If my law career dies, you die with it'". The second email sent Wednesday, December 12, 2018 at 8:01:42 AM showed the DEFENDANT writing Tom Retzlaff "'Go fuck yourself and what's left of your miserable life. You have destroyed my life, and for that offense, you will pay with your own.  That's not a threat. That's a PROMISE motherfucker.'"[46]

---

[45]See, COMPLAINT [Dkt. 1], p. 3-4, paragraph 5.8; Exhibit B [Dkt. 1-4], p. 3-4; Ex. 1

[46]See, See, COMPLAINT [Dkt. 1], p. 3-4, paragraph 5.8; Exhibit D [Dkt. 1-4], p. 3-4; Ex. 1; See also, Ex. 3 and Ex. 4; see also TEXAS PENAL CODE Section 36.06 (setting out elements of the Felony offense of "Obstruction or Retaliation.")

Plaintiff avers "Shackleford knowingly submitted a perjured affidavit to a district judge for the purpose of obtaining a warrant for Plaintiff's arrest, and he did so at the insistence of Retzlaff."[47] The purported perjury, according to Plaintiff, was that "Shackleford knowingly and intentionally made a false statement in an affidavit, to wit, that an offense occurred in Denton County, and did so with reckless regard to the truth."[48]

Plaintiff also notes that:

[S]hackleford failed to disclose in his affidavit numerous factors demonstrating a lack of credibility by Retzlaff, namely that Retzlaff has been convicted of multiple felonies in Texas (including falsification of a government record and witness tampering), that he had his parental rights to his children terminated due to credible allegations of pedophilia, and the existence of an ongoing feud between Retzlaff and Plaintiff since March of 2017. Thus, in addition to being perjured, the affidavit submitted by Shackleford was materially misleading.[49]

Importantly, Plaintiff does not anywhere in his entire COMPLAINT ever deny that he sent the death threat emails to Retzlaff nor dispute the veracity of any of the other facts alleged in Chief Shackleford's Probable Cause Affidavit.[50]  This is consistent with Plaintiff's judicial admissions in the State Bar proceedings.[51] The Commission For Lawyer Discipline listed in their "Factual Allegations" Plaintiff's many threats,[52] including the very same threats which underlie this lawsuit.[53] Plaintiff and his counsel both agreed to the fact that "There is legally sufficient evidence to prove by a preponderance of the evidence that on or about March 1, 2018, Respondent made threats of

---

[47]See, COMPLAINT [Dkt. 1], p. 4, paragraph 5.8

[48]See, COMPLAINT [Dkt. 1], p. 6, paragraph 6.8

[49]See, COMPLAINT [Dkt. 1], p. 4, paragraph 5.9

[50]See, generally COMPLAINT [Dkt. 1]

[51]See, Ex. 8, p. 2

[52]See, Ex. 9, p. 2-3

[53]See, Ex. 9, p. 3

Physical violence to Complainant Thomas C. Retzlaff, thereby committing criminal acts that reflect adversely on Respondent's honesty, trustworthiness or fitness as a lawyer."[54]  Both the State Bar of Texas and the Denton County Criminal Court At Law No. 5 have ordered Plaintiff to undergo mental health treatment.[55]

Chief Shackleford presented the Probable Cause Affidavit to Denton County District Court Judge Bruce McFarling on January 11, 2019.[56] Judge McFarling examined Chief Shackleford's Probable Cause Affidavit, then in his MAGISTRATE'S DETERMINATION OF PROBABLE CAUSE wrote that he [Judge McFarling] "determined that probable cause exists for the issuance of an arrest warrant for the individual accused of the offense set out therein."[57]

A WARRANT OF ARREST for "Obstruction or Retaliation (P.C. 36.06)"was issued by Judge McFarling that same day, January 11, 2019.[58]   Already incarcerated in the Denton County Jail,[59] Plaintiff was arraigned on the new Felony charge on the afternoon of January 11, 2019, by Denton County Magistrate Robin Ramsay.[60] The MAGISTRATE'S VERIFICATION OF WARNINGS AND DETERMINATION OF PROBABLE CAUSE signed by Magistrate Ramsay confirms that "**PROBABLE CAUSE EXISTS** as to each of the charge(s) supported by **confirmed warrant(s)** of arrest issued by appropriate authority . . ."[61]

---

[54]See, Ex. 8, p. 2

[55]See, Ex. 8, p. 3; Ex. 10, p. 1

[56]See, COMPLAINT Exhibit D [Dkt. 1-4], p. 2-4; Ex. 1

[57]See, COMPLAINT Exhibit D [Dkt. 1-4], p. 4; Ex. 1, p. 2

[58]See, COMPLAINT Exhibit D [Dkt. 1-4], p. 2; Ex. 2

[59]Plaintiff had been arrested by the Denton County Sheriff's Office on the Alias Capias warrant and booked into the Denton County Jail on January 8, 2019.  See, Ex. 13 and 14

[60]See, Ex. 7

[61]See, Ex. 7 (emphasis in original)

The Plaintiff eventually posted bond on the two cases and was released from the Denton County Jail on January 15, 2019.[62]

After his release, Plaintiff was further investigated by the Plano Police Department for a different offense - - a Class B misdemeanor charge of Harassment.[63]  That misdemeanor criminal case was eventually submitted to a Collin County Grand Jury which, on September 26, 2019, returned a "No-Bill" for the misdemeanor offense.[64]

Plaintiff contends that as a result of "Defendants' [sic] wrongful conduct" he has been "substantially injured" and seeks recovery for:

> loss of constitutional and federal rights, severe emotional distress, severe damage to personal and professional reputation, and ongoing emotional distress and professional damages resulting from Plaintiff having a wrongful felony arrest as a part of his criminal history (which cannot, as a matter of right, be expunged until January 11, 2022 at the earliest).[65]

Plaintiff also seeks the recovery of Punitive damages from Chief Shackleford.[66]

## V.
## ALLEGED CAUSES OF ACTION

For causes of action, Plaintiff brings claims under 42 U.S.C. §1983 for "Wrongful Arrest In Violation of the Fourth and Fourteenth Amendments"[67] and "Malicious Prosecution In Violation of the Fourth and Fourteenth Amendments."[68]

---

[62]See, Ex. 13

[63]See, COMPLAINT [Dkt. 1], p. 4, paragraphs 5.10-5.11

[64]See, COMPLAINT [Dkt. 1], p. 4, paragraph 5.11

[65]See, COMPLAINT [Dkt. 1], p. 5, paragraph 5.14; p.

[66]See, COMPLAINT [Dkt. 1], p. 7, paragraph 6.15; p. 9, paragraph 6.31; p. 10, paragraph 7.1©

[67]See, COMPLAINT [Dkt. 1], p. 5-7, paragraphs 6.2 - 6.15

[68]See, COMPLAINT [Dkt. 1], p. 7-9, paragraphs 6.16-6.31

Plaintiff's False Arrest claim is basically twofold. First, that Chief Shackleford made a false statement in his Probable Cause Affidavit, i.e., "that an offense occurred in Denton County."[69] Second, that "Shackleford should have alerted the court issuing the warrant of Retzlaff's extensive prior criminal history in Texas and ongoing feud between Plaintiff and Retzlaff that had been ongoing for at least a year."[70]

Concerning Malicious Prosecution, Plaintiff sweepingly contends that "Shackleford conspired and/or acted in concert with Retzlaff to institute, procure and continue a criminal proceeding for obstruction and retaliation against Plaintiff without probable cause."[71]  Plaintiff also avers that "Those criminal proceedings terminated in Plaintiff's favor. The case was transferred tot [sic] Collin County where it was presented as the lesser included offense of harassment. The grand jury no-billed Plaintiff, demonstrating not only that the case could not have been proven beyond a reasonable doubt, but that the charge lacked probable cause to begin with."[72]

The remainder of the allegations against Chief Shackleford constitute a mere formulaic recitation of the elements of Plaintiff's False Arrest and Malicious Prosecution, and add nothing to the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## VI.
## STANDARD OF REVIEW

Under the standard for deciding a Fed.R.Civ.P. 12(b)(6) motion the court accepts all wellpleaded facts as true, viewing them in the light most favorable to the plaintiff. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). However, the plaintiff, in turn,

---

[69]See, COMPLAINT [Dkt. 1], p. 6, paragraph 6.8

[70]See, COMPLAINT [Dkt. 1], p. 6, paragraph 6.9

[71]See, COMPLAINT [Dkt. 1], p. 8, paragraph 6.23

[72]See, COMPLAINT [Dkt. 1], p. 9, paragraph 6.26

must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). The Supreme Court's decision in *Twombly* "retire[d]" the standard espoused in *Conley v. Gibson* which spoke of the "accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of its current standard requiring plausibility. *Id*. at 1968-70 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Even under the liberal notice pleading standard of Fed.R.Civ.P. 8, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn" under a relevant legal theory. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)(*quoting* 3 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1216 at 156-159). As a result, dismissal is proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Id*. (*quoting* 2A MOORE'S FEDERAL PRACTICE ¶12.07 [2.-5] at 12-91). Further, when reviewing a complaint to determine whether it contains all of the essential elements of a plaintiff's theory of recovery, "[t]he court is not required to 'conjure up unplead allegations or construe elaborately arcane scripts' to save [the] complaint." *Id*. (*quoting Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)); *see also Kjellvander v. Citicorp.*, 156 F.R.D. 138, 141 (S.D. Tex. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" *Id*. A complaint also does not

suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"*Id*. In other words,

as stated above, to survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.

## VII.
## PLAINTIFF'S COMPLAINT FAILS TO  STATE ANY
## PLAUSIBLE CLAIMS AGAINST CHIEF SHACKLEFORD

Even viewing the Plaintiff's conclusory allegations in the light most favorable to him,[73]

Plaintiff has failed to allege any plausible claims against Police Chief Shackleford. This assertion

is four-fold.  First, Plaintiff cannot establish a plausible "False Arrest" claim because the Probable

Cause Affidavit was reviewed by a Magistrate, Chief Shackleford did not taint the probable cause

process, and Plaintiff's own emails and admissions demonstrate more than ample probable cause.

Second, there is no viable stand alone claim for "Malicious Prosecution".   Third, Plaintiff has failed

to plead any plausible Federal claims against Chief Shackleford which would overcome the Chief's

Qualified Immunity.   Fourth, and finally, Plaintiff has no plausible claims for punitive damages

against Chief Shackleford.

### A.        Plaintiff has failed to plead any plausible False Arrest claim

The Plaintiff cannot prevail on his "False Arrest" theory for three equally compelling reasons.

First, the causal chain was broken - - twice - - when a Judge determined probable cause existed for

Plaintiff's arrest and later when the Magistrate at the jail confirmed existence of probable cause.

Moreover, Chief Shackleford did not taint the probable cause determination process. But even

---

[73]By filing his MOTION TO DISMISS, Defendant is not stipulating that the allegations of the Plaintiff are true nor in any way acquiescing in the allegations contained in the Plaintiff's COMPLAINT.  Rather, under the standards set forth above, Defendant contends that even if Plaintiff's sparse and specious allegations were factual, which he vehemently denies, he would still be entitled to dismissal as a matter of law.

without the causation problem and the absence of any taint by the Chief, as Plaintiff's own emails underscore and his judicial admissions in the State Bar grievance proceedings confirm, Plaintiff was committing the offense for which he was arrested - - Obstruction or Retaliation against a witness.

### 1.    The Felony criminal offense of Obstruction or Retaliation

Texas Penal Code Section 36.06, entitled "Obstruction or Retaliation", provides in pertinent parts that a person commits the offense of obstruction or retaliation if he "intentionally or knowingly harms or threatens to harm another by an unlawful act" "in retaliation for or on account" of the other person's service or status as a witness or prospective witness [TEX. PENAL CODE § 36.06(a)(1)(A)] or "to prevent or delay the service of another" as a witness or prospective witness. [TEX. PENAL CODE § 36.06(a)(2)(A)].

The central purpose of the retaliation statute is to encourage public servants or other specified individuals to perform vital public duties without fear of retribution. *Doyle v. State*, 661 S.W.2d 726, 729 (Tex. Crim. App. 1983); *Lofton v. State*, No. 03-15-00475-CR, 2017 Tex. App. LEXIS 7158, 2017 WL 3378880, at *5 (Tex. App.—Austin July 31, 2017, no pet.)(mem. op., not designated for publication); *Brock v. State*, 495 S.W.3d 1, 16 (Tex. App.—Waco 2016, pet. ref'd). A threat to harm another by an unlawful act is sufficient to support a retaliation conviction. See, e.g., *Doyle*, 661 S.W.2d at 729; *Peters v. State*, No. 09-15-00166-CR, 2016 Tex. App. LEXIS 5769, 2016 WL 3136114, at *6-7 (Tex. App.—Beaumont June 1, 2016, pet. ref'd)(mem. op., not designated for publication); *Meyer v. State*, 366 S.W.3d 728, 731 (Tex. App.—Texarkana 2012, no pet.).  The Obstruction/Retaliation statute does not require that the threatened harm be imminent, that the actor actually intend to carry out his threat, or that he take any affirmative steps to carry out the threat. *Brock*, 495 S.W.3d at 16.

### 2.    False Arrest claim must be dismissed because causal connection was twice broken by a Magistrate's Determination of Probable Cause

"A false-imprisonment claim is based upon 'detention without legal process.'" *Winfrey v. Rogers*, 882 F.3d 187, 197 (5th Cir. 2018)(quoting *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). When a plaintiff alleges that an arrest is made without probable cause, the Fifth Circuit applies the "independent intermediary doctrine." *Buehler v. City of Austin/Austin Police Dep't,* 824 F.3d 548, 2016 WL 3085528, at *3 (5th Cir. 2016); *Cuadra v. Houston Indep. Sch. Dist.,* 626 F.3d 808, 813 (5th Cir. 2010); see also, *Hand v. Gary*, 838 F.2d 1420, 1427-28 (5th Cir. 1988); *Smith v. Gonzalez*, 670 F.2d 522, 526 (5th Cir. 1982).   Under such doctrine, "'if facts supporting an arrest are placed before an independent intermediary such as a magistrate [judge] or grand jury, the intermediary's decision breaks the chain of causation' for the Fourth Amendment violation." *Jennings v. Patton,* 644 F.3d 297, 300-301 (5th Cir. 2011)(quoting *Cuadra,* 626 F.3d at 813); *Buehler,* 824 F.3d 548, 2016 WL 3085528, at *3. This rule applies "even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime." *Buehler,* 824 F.3d 548, 2016 WL 3085528, at *3*; *see also Rollins v. Hattiesburg Police Dep't,* No. 2:14CV61-KS-MTP, 2015 U.S. Dist. LEXIS 91315, 2015 WL 4276386, at *8-9 (S.D. Miss. July 14, 2015)(municipal court judge's post-arrest finding that plaintiffs were guilty of disorderly conduct broke the chain of causation for false arrest, even though the county court later dismissed all criminal charges). "'[B]ecause the intermediary's deliberations protect even officers with malicious intent,' a plaintiff must show that the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission," thereby "tainting" the independent intermediary's decision.  *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017).  Plaintiff is required to allege such a "taint" along with "other facts supporting the inference" that such a taint existed. *Id.* at 690.

Here, the Plaintiff's case was at least twice presented to and reviewed by impartial intermediaries, both of whom determined that sufficient probable cause existed for the arrest and detention of the Plaintiff for the criminal offense of Obstruction or Retaliation.[74] When probable cause was confirmed by the reviewing Judge [McFarling] and later the Jail Magistrate [Ramsay], the causal chain was broken and there can be no liability against the person(s) involved. *De Angelis*, 265 Fed. App'x at 396. As a result, the Plaintiff's claim for false arrest must be dismissed.

### 2.     Chief Shackleford did not "taint" the determination of Probable Cause

Chief Shackleford did not withhold any relevant information nor otherwise misdirect the independent intermediary by omission or commission. The only meager yet insupportable suggestion of "taint" alleged by Plaintiff is basically two-fold.

First, Plaintiff describes that "Shackleford failed to disclose in his affidavit numerous factors demonstrating a purported lack of credibility by Retzlaff [listing alleged felonies, accusations of pedophilia, and 'ongoing feud between Retzlaff and Plaintiff']" then averring that the submitted affidavit was thus "materially misleading."[75] Plaintiff argues that "Shackleford should have alerted the court issuing the warrant of Retzlaff's extensive prior criminal history in Texas and ongoing feud between Plaintiff and Retzlaff that had been going on for at least a year."[76] But the law does not require such information to establish probable cause and its omission was thus legally insignificant. The complainant's testimony alone is sufficient to support a retaliation case. *Archuleta v. State*, No. 05-96-01880-CR, 1998 Tex. App. LEXIS 1731 * 5 (Tex. App. Dallas Mar. 20, 1998).

---

[74]See, COMPLAINT Exhibit D [Dkt. 1-4], p. 4; Ex. 1, p. 2; Ex. 7

[75]See, COMPLAINT [Dkt. 1], paragraph 5.9

[76]See, COMPLAINT [Dkt. 1], paragraph 6.9

Moreover, Plaintiff's own emails were certainly sufficient, at minimum, to show the existence of probable cause for the criminal offense of Retaliation or Obstruction.  See, i.e., *Harper v. State,* No. 03-12-00075-CR, 2014 Tex. App. LEXIS 4615 (Tex. App. Austin Apr. 30, 2014)(evidence was sufficient to support the jury's guilty verdict as to the offenses of retaliation and terroristic threats, in violation of Tex. Penal Code Ann. §§ 22.07(a)(6), 36.06, given letters that defendant wrote threatening to shoot and follow home employees of the Texas Workforce Commission if his multiple appeals seeking unemployment benefits were denied).  The emails spoke for themselves, very graphically.  It is no less criminal to threaten to kill a witness who is an alleged felon, pedophile or adversary than it is to threaten to kill any other witness.  Retzlaff's purported "lack of credibility" as a victim was immaterial and its omission did not "misdirect the independent intermediary by omission or commission." *McLin,* 866 F.3d at 689.

Second, Plaintiff sweepingly proclaims that "Shackleford knowingly submitted a perjured affidavit to a district judge for the purpose of obtaining a warrant for Plaintiff's arrest."[77]  However, of all the many compelling facts included in Chief Shackleford's probable cause affidavit - - including verbatim recitation of Plaintiff's death threat emails to Retzlaff - - the sole "false statement" critiqued is the Chief's initial averment "that an offense occurred in Denton County."[78] In doing so, Plaintiff does not dispute, and now effectively judicially admits, that he indeed sent death threat emails to the witness Retzlaff.  The aspersions of a purportedly "perjured affidavit", based only on the "Denton County" statement by the Chief, are legally and factually wrong.

Plaintiff quibbles about whether Denton County was the right place, or as he labels it "jurisdiction", for him to be investigated and arrested for such felony, pointing to Texas Code of

---

[77]See, Complaint [Dkt. 1], paragraph 6.9

[78]See, Complaint [Dkt. 1], paragraph 6.8

Criminal Procedure Art. 13.37.[79]  He notes that the threat "purported to have originated in Plano,

Texas (Collin County). Retzlaff is a resident of Maricopa County, Arizona.  Oak Point is located

entirely in Denton County."[80]  Plaintiff conflates jurisdiction with venue.  But no matter how garbled,

Plaintiff's argument is irrelevant to a probable cause analysis.  Although the State must ultimately

prove venue it is not a criminative fact and thus not an essential element of the offense.  *Sudds v.*

*State*, 140 S.W.3d 813, 817 (Tex. App. - - Houston [14th Dist.] 2004, no pet.).

But equally if not more problematic for Plaintiff is that Denton County is an appropriate

venue for the offense of Obstruction or Retaliation under these facts.  Plaintiff lived in Denton

County, Retzlaff lived in Arizona, and the emails were [according to Plaintiff and Retzlaff] sent from

Plano, Collin County. Plaintiff's reliance on Code of Criminal Procedure Art. 13.37 is misplaced.

Given these facts, Code of Criminal Art. 13.01 controls.  Specifically, Art. 13.01 provides:

> **Offenses committed** wholly or **in part outside this State**, under circumstances that give this State jurisdiction to prosecute the offender, **may be prosecuted in any county in which the offender is found** or in any county in which an element of the offense occurs.

> TEX. CODE CRIM. P. ART. 13.01 (emphasis added).

In affirming a conviction under Texas Penal Code 36.06 and venue under Code of Criminal

Procedure Art. 13.01, the Houston Court of Appeals summarized as follows:

> Because our venue statutes are simply a species of codified "substantial contacts" jurisdiction, venue will lie in Harris County so long as appellant [criminal defendant], his conduct, his victim, or the fruit of his crime had some relationship to Harris County [citing *Soliz v. State*, 97 S.W.3d 137, 141 (Tex. Crim. App. 2003)]"

*White v. State,* 2006 Tex. App. LEXIS 8396 * 8 (Tex. App. Houston [14th Dist.] Sept. 28, 2006,  pet.

ref'd); See also, *Lebleu v. State*, 192 S.W. 3d  (Tex. App. - - Houston [14th Dist.] 2006, pet. ref'd).

---

[79]See, COMPLAINT [Dkt. 1], p. 3, paragraph 5.6

[80]See, COMPLAINT [Dkt. 1], p. 3, paragraph 5.6

Here, there is certainly "some relationship" to Denton County - - Plaintiff resided there at the time of the emails, and further, the emails support a reasonable belief by Chief Shackleford that they [emails] could have been sent from Plaintiff's home or office, both of which were in Denton County. Plaintiff's complaint about the situs of the investigation is both incorrect and irrelevant.

### 3. Plaintiff's judicial admissions confirm probable cause existed to arrest the Plaintiff for violations of Texas Penal Code Section 36.06

Even if the causal chain had not been broken, as it had, the Plaintiff's judicial admissions confirm that far more than sufficient probable cause existed to seek an arrest warrant for Obstruction or Retaliation under Texas Penal Code Section 36.06. The Fifth Circuit makes it clear that the constitutional torts of false arrest, unreasonable seizure and false imprisonment require a showing of *no probable cause. Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001); *Haggerty v. Texas Southern University*, 391 F.3d 653, 656 (5th Cir. 2004). Texas also requires Plaintiff to show that his arrest or detention was carried out by Chief Shackleford without probable cause in order to establish a civil tort claim for false arrest. *Villegas v. Griffin Industries,* 975 S.W.2d 745,753, 754 (Tex. App.- Corpus Christi 1998, review denied).  Plaintiff must establish the absence of probable cause to prevail on his Fourth Amendment claim. The existence of probable cause defeats his claim.

Plaintiff's own emails are the best evidence of his crime. Unabashedly, Plaintiff threatens to kill a witness in his State Bar disciplinary hearing.  Plaintiff still does not deny same in this lawsuit. Even more brazenly, Plaintiff copied the State Bar Counsel on one of the emails.  Also compelling is that Plaintiff, represented by counsel, agreed in State Bar Grievance proceedings he had threatened the witness Retzlaff.   Like an ostrich that buries its head in the sand to avoid obvious dangers, Plaintiff ignores his judicial admissions that he threatened a witness -  Retzlaff.  Plaintiff's false arrest claim, premised on his arrest on such Felony charge under these admitted facts, is not viable.

4.      **Subsequent investigation by Plano Police Department and later Collin County Grand Jury No-Bill on a separate misdemeanor charge are legally inconsequential to initial Judicial finding of Probable Cause to arrest Plaintiff for different felony**

The subsequent investigation by the Plano Police and eventual No-Bill by a Collin County Grand Jury on a misdemeanor charge of Harassment does nothing to eviscerate the prior Judicial finding of probable cause to arrest Plaintiff for the felony offense of Obstruction or Retaliation. Plaintiff incorrectly suggests that:

> "The criminal proceedings terminated in Plaintiff's favor.  The case was transferred tot [sic] to Collin County where its was presented as the lesser included offense of harassment.  The grand jury no-billed Plaintiff, demonstrating not only that the case could not have been proven by beyond a reasonable doubt, but that the charge lacked probable cause to begin with."[81]

Plaintiff's argument is legally flawed on several levels. The law is clear that a no-bill is not tantamount to a finding that probable cause did not exist to initially arrest a suspect.  Rather, a no-bill from a grand jury is merely a finding that the specific evidence brought before that particular grand jury did not convince them to formally charge the accused with the offense alleged. *Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996).  It has been well established law in Texas for decades that a no-bill is not collateral estoppel and does not prevent the State from seeking further indictments.  *Shumake v. State*, 502 S.W.2d 758, 760 (Tex. Crim. App. 1973). Quite simply, a prior no bill by a Grand Jury is "not material in any way to the defense of a case." *Id.*

Moreover, the Class B Misdemeanor offense of "Harassment" is not a lesser included offense of the Third and/or Second Degree Felony offense of "Obstruction or Retaliation." See, i.e. *Meyer v. State*, 366 S.W.3d 728, 731-32 (Tex. App.—Texarkana 2012, no pet.)(comparing and contrasting the different elements of Retaliation under TEX. PENAL CODE § 36.06 [merely requiring "harm by an unlawful act"] and Harassment under TEX. PENAL CODE § 42.07(a)(2) [requiring a

---

[81]See, COMPLAINT [Dkt. 1], p. 9, paragraph 6.26

threat of bodily injury or felony]); See also, *Graves v. State*, 03-17-00493-CR, 2018 Tex. App. LEXIS 7014, 2018 WL 4140663, at *3 (Tex. App.—Austin Aug. 30, 2018, no pet.)(mem. op., not designated for publication)(same).

The Felony charge was not terminated in Plaintiff's favor and the Collin Grand Jury No-Bill on a different and independent charge is irrelevant to the issue of Probable Cause to arrest the Plaintiff for a Felony in Denton County.


**B.     Plaintiff's claim for "Malicious Prosecution" is not a viable cause of action**.

The Plaintiff's attempt to assert an independent claim for "malicious prosecution" must fail. A malicious prosecution claim standing alone is not a violation of the United States Constitution and to proceed under 42 U.S.C. §1983, such a claim must rest upon a denial of rights secured under federal and not state law. *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003)(en banc), *cert. denied*, 543 U.S. 808 (2004).  In other words, there is no "freestanding constitutional right to be free from malicious prosecution." *Castellano*, *Id.* at 945. "Such claims of lost constitutional rights are for violation of rights locatable in constitutional text," but "they are not claims for malicious prosecution and labeling them as such only invites confusion." *Id.* at 953-54. This proposition was recently reiterated by the Eastern District in *Liverman v. Denton County*, 4:16-cv-801 (Doc. 40)(Report And Recommendation Of United States Magistrate Judge, adopted, Doc. 50), affirmed on appeal, *Liverman v. Denton County*, 725 Fed. Appx. 316 (5th Cir. 2018).  To the extent that Plaintiff attempted to allege such a cause of action, it is duplicative of his other "False Arrest" count which is facially implausible as described above.

Plaintiff's claims must further fail because a lack of probable cause is an essential element to the common law tort of malicious prosecution. *See, e.g.*, *Aly v. City of Lake Jackson*, 453 F. App'x

538, 539 (5th Cir. 2011)(per curiam).  As stated, Plaintiff's argument with respect to probable cause rings hollow in light of the reviewing Judge's determination of probable cause.  Accordingly, Chief Shackleford is entitled to qualified immunity from Plaintiff's claim for "Malicious Prosecution" as it does not set forth a viable constitutional claim nor pass the *Iqbal* plausibility standard.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**C.      Plaintiff has failed to allege any claims which would overcome Chief Shackleford's entitlement to Qualified Immunity.**

Plaintiff has failed to plead any conduct of Chief Shackleford which would defeat his entitlement to qualified immunity.

**1.      Doctrine of Qualified Immunity and two-prong analysis of same**

Qualified immunity protects officials from suit and liability unless their conduct violates a clearly established constitutional right. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Qualified immunity "'gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Messerschmidt v. Millender*, 565 U.S. 535, 547, 132 S. Ct. 1235, 182 L.Ed.2d 47(2012)(quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L.Ed.2d 1149).

When a defendant asserts qualified immunity, the burden then shifts to the Plaintiff to rebut this defense. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(en banc)(per curiam).  "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012).

In *Pearson v. Callahan*, the Supreme Court refined the two-prong immunity analysis holding that a Court, in its discretion, could resolve either prong first in light of the circumstances of a particular case.  See, *Pearson v. Callahan*, 555 U.S. 223, 236-37 (2009). This Court can determine the sequence it deems appropriate to evaluate Plaintiff's claims - - i.e, (1) whether a statutory or constitutional right was violated on the facts alleged, or (2) whether the defendant's actions violated clearly established statutory or constitutional rights which a reasonable person would have known. *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2004).

Regarding this second prong, "If the defendants actions violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'".  *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).  The second prong analysis is better understood as involving two separate inquiries: first, whether the allegedly violated Constitutional rights were clearly established at the time of the incident; and second, if so, whether the conduct of the Defendant was objectively unreasonable in the light of the clearly established law existing at that time. *Hare v. City of Corinth,* 135 F.3d 320, 326 (5th Cir. 1998)(en banc).

## 2.     No Violation of Clearly Established Law

The Fifth Circuit frequently describes the correct method for analyzing the second prong of qualified immunity.  It has stated that a court does not deny the protection of qualified immunity unless existing precedent places the constitutional question beyond debate. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015), citing *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)(en banc).

In *Vincent*, this Court went on to state:

> Although a case *directly* on point is not necessary, there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful. [omitting cite] Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context, rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case. See *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004). Therefore, we must decide whether the cases cited by the District Court placed beyond reasonable debate the proposition that…

*Vincent*, 805 F.3d at 547.

After stating the standards applicable to its analysis, the Fifth Circuit described the specific factual proposition that was involved in the *Vincent* case. The Court stated that it must "ask whether the law so clearly and unambiguously prohibited [the official's] conduct that every reasonable official would understand that what he is doing violates [the law]." *Vincent* at 547, citing *Morgan,* 659 F.3d at 371 and *Ashcroft v. al-Kidd*, at  563 U.S. at 732.

The Fifth Circuit's *Vincent* and *Morgan* cases pre-date the Supreme Court's case *White v. Pauly*, ___ U.S. ___, 137 S.Ct. 548 (2017).  In *White*, the Supreme Court reversed the Tenth Circuit because the lower court had not analyzed clearly established law in the context of the particularized facts of that case when the lower court denied an officer's immunity defense. See*, White*, 137 S.Ct. at 551-552. *White* essentially makes it clear that the approach the Fifth Circuit stated in *Vincent* and again in *Morgan* is indeed correct and should continue to guide District Courts in their Qualified Immunity evaluations. Importantly, in *White*, the Supreme Court reiterated that the clearly established laws should not be defined at a high level of generality, but instead must be particularized to the facts of the case.  Otherwise Plaintiffs "would be able to convert the rule of qualified immunity . . . into a rule of virtual unqualified liability by simply alleging violation of extremely abstract rights." *White* at 552.  The Fifth Circuit quite recently has demonstrated its clear

commitment to the crucial requirement of "clearly established."  See, *Morrow v. Meachum*, 917 F.3d 870, 875-876 (5th Cir. 2019).

Plaintiff's burden - - and resulting failure - - to sufficiently plead a violation of clearly established law compels dismissal due to Chief Shackleford's Qualified Immunity.  Ironically, in his preemptive but incorrect effort to thwart immunity, Plaintiff argues "Any reasonable police officer, and a police chief in particular, knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time"[82] epitomizes the unacceptable generalities repeatedly rejected by the Fifth Circuit and underscored by the recent Supreme Court decision in *White.*

Plaintiff does not and cannot point to a case where a Police Chief, acting under similar factual and legal circumstances, was found to have violated anyone's constitutional rights by investigating a multi-county and two state offense committed over the Internet by sending threatening email(s). To the contrary, cases applying Texas Code of Criminal Procedure Art. 13.01 to prosecutions under Texas Penal Code Chapter 36.06 have rejected venue and jurisdictional challenges like the one advanced by Plaintiff herein.  Fundamentally, the Plaintiff fails to explain the particularized governing standard allegedly violated by Chief Shackleford   This, in and of itself, is sufficient for this Court to dismiss Chief Shackleford based on his entitlement to Qualified Immunity.

### 3.        Plaintiff fails to allege any facially plausible claims

Plaintiff's claims fail on the first prong of the Qualified Immunity analysis, requiring an allegation of facts showing a clear constitutional violation, i.e.,  his COMPLAINT contains no facially plausible claims of constitutional violations regarding False Arrest or Malicious Prosecution

---

[82]See, COMPLAINT [Dkt. 1], p. 6, paragraph 6.7

"It is axiomatic that a plaintiff who files suit under 42 U.S.C. §1983 may recover only if he proves a constitutional violation." *Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir.1988).  Stated another way, a governmental official's "conduct cannot constitute a violation of clearly established law if, on the plaintiff's version of the facts, there is no violation at all." *Johnson v. Johnson*, 385 F.3d 503, 525 (5th Cir. 2004).  Plaintiff  cannot establish that any constitutional deprivation has occurred, let alone one caused by Chief Shackleford, as has been fully discussed above.

> **4.     Chief Shackleford's actions were objectively reasonable in light of law which was clearly established at the time of the disputed action**

In order to survive a claim of qualified immunity, Plaintiff must have alleged that no Texas Chief of Police of reasonable competence *could* agree on the reasonableness of the actions taken by Chief Shackleford regarding his obtaining an arrest warrant for the Plaintiff. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986). There is nothing plausibly alleged, nor could there be, that Chief Shackleford sought a warrant for the arrest of Plaintiff when neither the law nor the evidence permitted same, i.e. that it was clearly established that Chief Shackleford's seeking of same would rise to the level of a constitutional violation [which it did not].  This is underscored by the finding of Probable Cause by the reviewing District Court Judge.  Plaintiff's conclusory contentions are insufficient to meet the *Iqbal* plausibility standard.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

> **D.     Plaintiff has failed to plead any plausible claims for "punitive damages"**

It is well established that a governmental employee cannot be liable for punitive damages unless a plaintiff establishes that they acted willfully, intentionally, or with a reckless and callous indifference to his civil rights.  *Young v. City of New Orleans*, 751 Fed.2d 794, 799-800 (5th Cir., 1985). A willful and malicious act is one that is knowingly done out of ill will, spite, evil motive or

intent or is plainly intended to harm another.  *Smith v. Wade*, 461 U.S. 30 (1983);  *Longoria Phi Longoria v. Wilson*, 730 Fed.2d 300, 305 (5th Cir., 1984). There are no credible allegation that Chief Shackleford acted willfully, intentionally, or with a reckless and callous indifference to the Plaintiff's civil rights, precluding recovery of punitive damages.

## VIII.
## QUALIFIED ALTERNATIVE REQUEST
## FOR  REPLY PURSUANT TO FED. R. CIV. P. 7(a)

Chief Shackleford has demonstrated that Plaintiff's allegations are insufficient to meet his threshold burden of asserting legally plausible claims.  Chief Shackleford does not think leave should be granted or a Reply necessary - - the case should be dismissed for the many reasons detailed above which cannot be cured by amendment or refinement - - and therefore this is a very qualified alternative request for relief.  Nonetheless, if the Court denies some or all of the MOTION TO DISMISS, then as an alternate ground for relief, Chief Shackleford requests that Plaintiff be required to submit a reply to Chief Shackleford's assertion of qualified immunity. See, *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) and *Crawford-El v. Britton*, 523 U.S. 574, 597-598 (1998).  Such Reply must provide specific factual allegations with respect to the conduct of Chief Shackleford which rises to the level of a clearly existing constitutional claim, if one can even be stated.  Again, dismissal is merited, but Chief Shackleford reserves his right to a Rule 7(a) Reply from the Plaintiff.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant **MICHAEL SHACKLEFORD** prays that the Court grant his MOTION TO DISMISS; that it dismiss Plaintiff's claims and pleas for damages, and he have such other relief, at law or in equity, to which he may show himself entitled.

Respectfully submitted,

By:    /s/ *Robert J. Davis*
       **ROBERT J. DAVIS**
       State Bar No. 05543500
       **MATTHEWS, SHIELS, KNOTT,**
       **EDEN, DAVIS & BEANLAND, L.L.P.**
       8131 LBJ Freeway, Suite 700
       Dallas, Texas 75251
       972/234-3400 (office)
       972/234-1750 (telecopier)

       **ATTORNEYS FOR DEFENDANT**
       **MICHAEL SHACKLEFORD**

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2019, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following party of record who has consented in writing to accept this Notice as service of this document by electronic means: Jason Van Dyke.

       /s/ *Robert J. Davis*
       **ROBERT J. DAVIS**