## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
| | § | |
| v. | § | CASE NO. 4:19-CV-00786 |
| | § | |
| MICHAEL SHACKLEFORD | § | |

### DEFENDANT SHACKLEFORD'S MOTION TO STAY  DISCOVERY AND MOTION FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTION TO DISMISS  AND ASSERTED IMMUNITY

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES **MICHAEL SHACKLEFORD**, Defendant, and files his MOTION TO STAY DISCOVERY AND MOTION FOR ABATEMENT OF ANY ORDER for RULE 26 CONFERENCE PENDING DETERMINATION of MOTION TO DISMISS AND ASSERTED IMMUNITY, and would show:

### I.
### SUMMARY OF MOTION AND PERTINENT FACTUAL BACKGROUND

The pro se Plaintiff has sued the Oak Point Chief of Police Michael Shackleford arising from Plaintiff's arrest for the Felony offense of Obstruction or Relation effectuated after a Judge reviewed the probable cause affidavit and issued an arrest warrant. Details of the existence of probable cause, issuance of a warrant, and Plaintiff's arrest are set forth more fully in Defendant Michael Shackleford's MOTION TO DISMISS [Dkt. 2].  Chief Shackleford has asserted three reasons for dismissal, including the absence of any plausible Federal claims for False Arrest or Malicious Prosecution as well as his assertion of Qualified Immunity. Chief Shackleford contends that he is entitled to an immediate stay of discovery against him and also an abatement of any orders[1] for a

---

[1] At this time, there are no current order for a rule 26 conference or any issuance of an ORDER GOVERNING PROCEEDINGS an ORDER GOVERNING PROCEEDINGS.

Rule 26 conference, discovery, or scheduling pending the final resolution of his entitlement to dismissal and immunity. The Plaintiff has not alleged, nor will he likely be able to allege, any viable claims against Chief Shackleford nor overcome Chief Shackleford's entitlement to Qualified Immunity. Quite simply, Defendant requests that all discovery, Rule 26 Conferences, Joint Reports, and Management Conference be stayed until the Court has had the opportunity to determine whether the facts alleged by the Plaintiff, taken as true, constitute any plausible claims and also overcome Defendant's assertions of immunity and the other legal bars to Plaintiff's claims.

## II.
## NARROW ISSUE TO BE DECIDED

The narrow issue presented is whether all discovery and Rule 26 conference and scheduling requirements should all be completely stayed pending the full resolution of Chief Shackleford's entitlement to dismissal and his entitlement to Qualified Immunity.

## III.
## STRONG PUBLIC POLICY OF PROTECTING PUBLIC OFFICIALS FROM DISCOVERY

The Supreme Court's clearly articulated policy of protecting public officials and employees from discovery until threshold immunity issues have been resolved developed primarily in the arena of qualified immunity. The qualified immunity cases discussed supra are illustrative of the curtailment on discovery pending resolution of immunity. Such stay is particularly important when there are immunities such as those asserted by this Defendant, Chief Shackleford.

In *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982), the Supreme Court articulated the rationale for the policy of protecting public servants not only from ultimate liability, but also from the inherent inconvenience and distraction of litigation itself, unless "clearly established" law has been shown to have been violated and the inapplicability of qualified immunity determined by the

Court, by stating:

> [I]t cannot be disputed seriously that claims frequently run against the innocent as
> well as the guilty -- at a cost not only to the defendant officials, but to the society as
> a whole.   These social costs include the expenses of litigation, the diversion of
> official energy from pressing public issues, and the deterrence of able citizens from
> acceptance of public office.     *Harlow*, 457 U.S. at 814.

Therefore, one of the purposes of qualified immunity is to spare Defendants not only from

unwarranted liability, but also from unwarranted demands customarily imposed upon those

defending a long drawn out lawsuit.

## IV.
## ASSERTION OF QUALIFIED IMMUNITY IS AN IMMUNITY FROM SUIT, AND DISCOVERY AND SCHEDULING SHOULD BE STAYED PENDING DETERMINATION OF WHETHER DEFENDANT SHACKLEFORD IS ENTITLED TO DISMISSAL AND IMMUNITY FROM PLAINTIFF'S CLAIMS

Plaintiff has sued Chief Shackleford, and seek to impose personal liability on him for acts

taken in the course of his official duties as the Chief of Police of Oak Point.   Such litigation

implicates the protection of immunity and precludes discovery. Qualified immunity is an immunity

from suit, and it extends beyond just a defense to liability to include all aspects of civil litigation,

including the burdens of broad-reaching discovery. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir.

1986).   This purpose was clearly enunciated in *Mitchell v. Forsyth*, where the Supreme Court stated:

> *Harlow* thus recognized an entitlement not to stand trial or face the other burdens of
> litigation, conditioned on the resolution of the essentially legal question whether the
> conduct of which the Plaintiff complains violated clearly established law.   The
> entitlement is an immunity from suit rather than a mere defense to liability; and like
> an absolute immunity, it is effectively lost if the case is erroneously permitted to trial.

472 U.S. 511, 526 (1985)(emphasis in original).   Further, the Supreme Court read *Harlow* to hold

that "even such pretrial matters as discovery are to be avoided if possible, as 'inquiries of this kind

can be peculiarly disruptive of effective government.'" *Id*.   Indeed, "a defendant pleading qualified

immunity is entitled to dismissal before the commencement of discovery." *Id*.

As detailed in Defendant Shackleford's MOTION TO DISMISS, Plaintiff has failed to allege facts which, if true, aver any plausible claims, or equally importantly, which would overcome the asserted defense of Defendant Shackleford's Qualified Immunity. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995)(quoting *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985))(complaint asserting claims against a government official who has asserted a defense of qualified immunity must "be pled with 'factual detail and particularity.'").

In similar circumstances, the Fifth Circuit has held that a stay of discovery is mandatory until a district court has ruled upon any motion brought by the defendants challenging the veracity of the Plaintiff's pleadings. *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995). In *Wicks*, the Fifth Circuit held that when a complaint has failed to allege facts overcoming a qualified immunity defense, "the district court should rule on the motion to dismiss before any discovery is allowed." *Id*. The failure to do so "is immediately appealable as a denial of the true measure of protection of qualified immunity." *Id*. It is only once "the complaint alleges facts to overcome the defense of qualified immunity, the district court may then proceed [] to allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Id*.

Texas District Courts have consistently agreed. *See, e.g.*, *Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, 2008 WL 494267, at *4 (N.D. Tex. Nov. 12, 2008); *Johnson v. Johnson*, 2006 WL 846372 (S.D. Tex. March 28, 2006)(Motion to Stay discovery granted pending resolution of qualified immunity); *Bryant v. Orndorff*, 2005 WL 139115 (N.D. Tex. January 21, 2005 )(Motion to Stay discovery granted pending resolution of qualified immunity); *Bolen v. Dengel*, 2004 WL 2095440 (E.D. La September 17, 2004)(Motion to Stay Discovery granted and "all discovery stayed until the District Court rules on their motion to dismiss."); *LeClerc v. Webb*, 2003 WL 21027609 (E.D. La May 2, 2003)(Court "GRANTS the Motion to Stay Discovery pending the determination

of immunity issues by the district judge."); *Jones v. City of Grand Prairie, Texas*, 1998 WL 119532, **1-2 (N.D. Tex. March 6, 1998).

Most compelling, this Court, and its Magistrate Judges, have consistently and very recently stayed discovery and abated Rule 26 conferences under the nearly exact same procedural posture as this case, i.e., a pending dispositive motion based on immunities and a corresponding Motion to Stay Discovery. The instant MOTION TO STAY is nearly verbatim to those which are frequently granted by this Court and presents the same compelling argument for stay of discovery and abatement of Rule 26 matters.

The following are just some recent examples of the many cases in which the undersigned is involved and discovery and Rule 26 obligations have been stayed:

* *Buholtz, et. al. v. Carroll, et. al.*, Cause No. 4:16-cv-747 (Doc. 41)(ORDER granting Motion to Stay Discovery "until resolution of Defendant's Motion to Dismiss and resolution of Defendants' qualified immunity defense");

* *Bowling v. Dahlheimer, et. al.*, Cause No. 4;18-cv-610 (Doc. 84)(ORDER staying all discovery pending resolution of Defendants' assertion qualified immunity);

* *Burton v. Collin County District Attorney*, Cause No. 4:18-cv-292 (Doc. 19)(ORDER staying all discovery and abating Rule 26 conferences);

* *Gallagher v. Paxton, et. al*, Cause No. 4:18-cv-575 (Doc. 68)(ORDER staying all discovery pending resolution of Defendants' assertion qualified immunity);

* *Griggs v. Lt. Smart, et. al.,* Cause No. 4:19-cv-175 (Doc. 28)(ORDER staying all discovery pending resolution of Defendants' assertion qualified immunity);

* *Mumpuku v. City of Plano, et. al*, Cause No. 4:18-cv-785 (Doc. 28)(ORDER staying all discovery pending resolution of dispositive motions);

* *Santoro v. County of Collin, et. al*, Cause No. 4:18-cv-660 (Doc 53)(ORDER staying all discovery pending resolution of Defendants' assertion qualified immunity and withdrawing prior ORDER GOVERNING PROCEEDINGS);

* *Spence v. Taylor*, Cause No. 4:19-cv-139 (Doc. 17)(ORDER granting Motion To Stay Discovery and Confirming abatement of an Order for Rule 26 Conference pending determination of Motion for Judgment on Pleadings and Immunity);

*     *Vann v. Paxton, et. al.*, Cause No. 4:18-cv-570 (Doc. 28)(ORDER staying all discovery pending resolution of Defendants' assertion qualified immunity);

*     *Williams v. City of Denton, et. al.*, Cause No. 4:17-cv-811 (Doc. 26)(ORDER staying all discovery and withdrawing prior ORDER GOVERNING PROCEEDINGS) and (Doc. 39) (ORDER clarifying that stay of discovery halted all discovery - even discovery as to those defendants not asserting immunity defenses - -until the threshold immunity question is resolved [citing cases])[2];

*     *Wooten v. Abbott*, Cause No. 4:18-cv-380 (Doc. 34)(ORDER staying all discovery pending resolution of Defendants' Motions to Dismiss and assertions of immunity);

*     *Koonce v. City of Tom Bean, et. al*, Cause No. 4-19-cv-00428 (Doc. 18)(ORDER staying discovery pending resolution of Defendants' motions based on qualified immunity and previously entered Order Governing Proceedings abated);

*     *Doggins v. Green*, Cause No. 4:18-cv-383 (Doc. 31)(ORDER staying discovery pending resolution of Defendant's motion to dismiss based on qualified immunity).

Plaintiff has not alleged facts which constitute viable claims against the Defendant or which overcome Chief Shackleford's entitlement to Qualified Immunity - -  nor will Plaintiff likely ever be able to do so.  Until Rule 12(b)(6) and immunity issues have been resolved, forcing Defendant to engage in discovery would violate the principals espoused in *Harlow* and 5th Circuit case law. *Harlow*, 472 U.S. at 526; *id*.

As a result, any and all discovery should be completely stayed and no Rule 26 conferences required until the adequacy of the Plaintiff's factual pleadings has been established and asserted immunity fully resolved.  To do otherwise would subjugate the clear protections from discovery discussed above.

---

[2] Since such Orders there have been subsequent ones, after the determination of Motions to Dismiss, allowing very limited discovery primarily involving the City Co-Defendant

**V.**

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant **MICHAEL SHACKLEFORD**

prays that the Court grant his MOTION TO STAY DISCOVERY AND MOTION FOR ABATEMENT OF ANY

ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF  MOTIONS TO DISMISS AND

ASSERTED IMMUNITY; that the Court order that all discovery be suspended until the Court has ruled

upon the pending MOTION TO DISMISS, and he have such other relief, at law or in equity, to which

he may show himself justly entitled.

Respectfully submitted,

By:     /s/ *Robert J. Davis*
        **ROBERT J. DAVIS**
        State Bar No. 05543500
        **MATTHEWS,  SHIELS, KNOTT,**
        **EDEN, DAVIS & BEANLAND, L.L.P.**
        bdavis@mssattorneys.com
        8131 LBJ Freeway, Suite 700
        Dallas, Texas 75251
        972/234-3400 (office)
        972/234-1750 (telecopier)

        **ATTORNEYS FOR DEFENDANT**
        **MICHAEL SHACKLEFORD**

**NO CERTIFICATE OF CONFERENCE REQUIRED**

Because Plaintiff is pro se[3], no certificate of conference is required.  See, E.D. LOCAL RULE
CV-7(i)("neither the 'meet and confer' nor the 'certificate of conference' requirements are applicable
to pro se litigants (prisoner or non-prisoner) . . . ).

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**

---

[3]Although Plaintiff is an attorney, he is not currently eligible to practice in Texas because his law license
has been suspended for disciplinary reasons since June 1, 2019. See,
https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory
/MemberDirectoryDetail.cfm&ContactID=294697.  Moreover, Plaintiff is bringing this action pro se.  See,
PLAINTIFF'S ORIGINAL COMPLAINT [Dkt. 1].

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 25, 2019, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following party of record who has consented in writing to accept this Notice as service of this document by electronic means: Jason Van Dyke.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**