IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
| | § | |
| v. | § | CASE NO. 4:19-CV-00786 |
| | § | |
| MICHAEL SHACKLEFORD | § | |

DEFENDANT CHIEF SHACKLEFORD'S REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **MICHAEL SHACKLEFORD**, Defendant, and files his REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, and would show:

I.
PLAINTIFF FAILS TO OVERCOME CHIEF'S ENTITLEMENT TO DISMISSAL

Defendant Oak Point Police Chief Michael Shackleford moved to dismiss Plaintiff's Complaint for False Arrest and "Malicious Prosecution" pursuant to FED. R. CIV. PROC. 12(b)(6) because Plaintiff has not alleged facts sufficient to maintain a claim against Chief Shackleford. Plaintiff's Complaint against Chief Shackleford is based upon Plaintiff's arrest for the Felony Offense of Obstruction or Retaliation for threatening to kill a witness [Tom Retzlaff] in State Bar disciplinary proceedings. Chief Shackleford's Rule 12(b)(6) Motion shows that Plaintiff's claims are not plausible because: 1) the causal connection has been broken by Independent Intermediaries; 2) a cause of action for "Malicious Prosecution" is not recognized by the Fifth Circuit; 3) Chief Shackleford is entitled to Qualified Immunity with regard to the claims alleged by Plaintiff; and, 4) Plaintiff has failed to allege any facts upon which Chief Shackleford, a governmental employee, could be liable for punitive damages.

Plaintiff responded by providing a rambling and unsupported five and one half page discussion regarding his history of disputes with Tom Retzlaff ("Retzlaff") in which Plaintiff acknowledges the existence of the threatening emails and that the emails, which contain threats to kill Retzlaff for his role in the State bar grievance against Plaintiff, appear to have been from Plaintiff.[1] Plaintiff's RESPONSE questions the exhibits referenced in Chief Shackleford's Rule 12(b)(6) Motion and concedes that there is no claim for Malicious Prosecution in the 5th Circuit.[2] Finally, Plaintiff argues that Chief Shackleford is not entitled to Qualified immunity because it was somehow reckless to allege that probable cause existed to believe Plaintiff committed the felony of Obstruction or Retaliation where Plaintiff was the subject of a grievance proceeding with the State Bar of Texas and Tom Retzlaff, a witness in that proceeding, received emails which appeared to have come from Plaintiff, contained his [Plaintiff's] address in Denton County, and stated, in pertinent part, "If my law career dies, you die with it" and "You have destroyed my life, and for that offense, you will pay with your own."[3] Plaintiff also claims that the alleged errors in Chief Shackleford's probable cause affidavit were sufficient to taint the independent review by both the reviewing judge and the Jail Magistrate such that Independent Intermediary Doctrine somehow does not apply to break the causal chain.[4]

Because Plaintiff's RESPONSE fails to point to any allegations which would overcome Chief Shackleford's entitlement to qualified immunity or present any plausible claims for False Arrest or Malicious Prosecution, Chief Shackleford's MOTION TO DISMISS should be granted.

---

[1] *See* PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS [Doc. 10], pp. 2-7 (Plaintiff speculated that his email was "hacked" or his workplace violated in order to send the emails in question, thereby acknowledging that the emails appear to have come from him may be found at pp. 6-7).

[2] *Id*. at p. 1 and 9.

[3] *Id*. at p. 9-15.

[4] *Id*. at p. 14-15.

## II.
## RULE 9(b) AND EXTRINSIC EVIDENCE

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS incorrectly states that Chief Shackleford recognizes that "its [sic] motion is doomed under Rule 9(b)" and that the Chief attempts to use extrinsic evidence in support of his Rule 12(b)(6) Motion.[5] To begin, neither Chief Shackleford nor his counsel understand how FED. R. CIV. PROC. 9(b) would even apply to Chief Shackleford's Rule 12(b)(6) Motion, much less "doom it". Furthermore, Plaintiff is incorrect in stating that Defendant is using extrinsic evidence in support of his motion. As clearly explained in Chief Shackleford's MOTION TO DISMISS, the exhibits referenced are the (1) public records referenced in Plaintiff's COMPLAINT, and/or (2) complete copies of exhibits referenced in Plaintiff's COMPLAINT, and/or (3) complete series of correspondence and exhibits [partially] referenced in Plaintiff's COMPLAINT.[6] To the extent Plaintiff's comments could be construed to be objections to exhibits attached to Chief Shackleford's MOTION TO DISMISS, such objections should be overruled.

## III.
## CHIEF SHACKLEFORD IS ENTITLED TO QUALIFIED IMMUNITY
## WITH REGARD TO PLAINTIFF'S ONLY POSSIBLE CLAIM - FALSE ARREST

Plaintiff's RESPONSE candidly concedes that there is no "freestanding constitutional right to [be] free from malicious prosecution" but then states that it does not matter because he has also claimed false arrest and, therefore, has purportedly stated a claim upon which relief can be granted.[7] Because Plaintiff has conceded any "malicious prosecution" claim, the Court need only look to see if Chief Shackleford is entitled to qualified immunity with regard to Plaintiff's claim for false arrest.

---

[5]*Id.* at p. 1.

[6]See, DEFENDANT MICHAEL SHACKLEFORD'S MOTION TO DISMISS [Dkt. 6], p. 4-6; *See also* FED. R. OF EVID. 106.

[7]PLAINTIFF'S RESPONSE TO MOTION TO DISMISS [Doc. 10] at p. 9.

"A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244-45, 182 L. Ed. 2d 47 (2012). When a defendant asserts qualified immunity, the burden then shifts to the Plaintiff to rebut this defense. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(en banc)(per curiam).

Plaintiff claims that the "clearly established constitutional right" is to "be free from police arrest without a good faith showing of probable cause.[8] While Plaintiff has a constitutional right to be free from arrest without a good faith showing of probable cause, parroting that such a right exists, without plausibly arguing that the right was indeed violated, is simply not sufficient. Plaintiff asserts that Chief Shackleford 1) recklessly alleged that an offense was committed in Denton County; and 2) recklessly failed to disclose facts he knew or should have known concerning the reliability of the information obtained from Retzlaff.[9] Plaintiff then asserts that all or substantially all of Chief Shackleford's basis for seeking an arrest warrant was information obtained from Retzlaff and that no reasonable police officer or magistrate could have found Retzlaff to be a credible complainant.[10] Plaintiff's hatred of Retzlaff, however, appears to have blinded him to the following facts which were not dependant upon the credibility of Retzlaff[11]:

---

[8]*Id.* at p. 10.

[9]*Id.* at p. 11.

[10]*Id.* at p. 13.

[11]It is of note that, while the Affidavit of Retzlaff contained a great many allegations concerning Plaintiff,
(continued...)

1. On December 12, 2018, Plaintiff was the subject of a grievance filed against him with the State Bar of Texas.

2. Tom Retzlaff was a witness or prospective witness on the grievance suit.

3. Kristin Brady was the Assistant Disciplinary Counsel to the State Bar assigned to the proceeding against Plaintiff.

4. The emails attached to Retzlaff's Affidavit appear to have come from Plaintiff and list Plaintiff's address in Denton County.

5. One of the emails attached to Retzlaff's Affidavit indicates that a copy was also sent to Kristin Brady.

6. The first email sent Wednesday, December 12, 2018 at 8:00:21 AM showed the PLAINTIFF writing Tom Retzlaff, "'I promise you this motherfucker: If my law career dies, you die with it'". The second email sent Wednesday, December 12, 2018 at 8:01:42 AM showed the PLAINTIFF writing Tom Retzlaff "'Go fuck yourself and what's left of your miserable life. You have destroyed my life, and for that offense, you will pay with your own. That's not a threat. That's a PROMISE motherfucker.'"

In order to meet his burden to rebut Chief Shackleford's claim of qualified immunity, Plaintiff must show that there is existing precedent which clearly shows Chief Shackleford's alleged constitutional violation. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015), citing *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)(en banc). As explained in *Vincent*, the Court must "ask whether the law so clearly and unambiguously prohibited [the official's] conduct that every reasonable official would understand that what he is doing violates [the law]." *Vincent* at 547, citing *Morgan,* 659 F.3d at 371 and *Ashcroft v. al-Kidd*, at 563 U.S. at 732. Plaintiff has not pointed to anything which would indicate that Chief Shackleford's listing of Denton County, when the emails said they were from Plaintiff and listed Plaintiff's address in Denton County, was so clearly and unambiguously prohibited that every reasonable official would understand that it violated the law.

---

[11](...continued)
Chief Shackleford's probable cause affidavit lists only those matters which were independently verifiable - the existence of a grievance proceeding against Plaintiff in which Retzlaff was a potential witness and emails which appeared to have come from Plaintiff which listed Plaintiff's Denton County address and contain threats in Retzlaff's life related to the grievance proceeding.

Further, Plaintiff has not pointed to anything which would show every reasonable official would have understood that a discussion of Retzlaff's alleged criminal history[12] and a description of the history of disputes between Plaintiff and Retzlaff was required by law, particularly when the emails themselves appeared to have come from Plaintiff and contained explicit threats of retribution related to a legal proceeding. In other words, the clearly established law certainly did not compel that Chief Shackleford include information that the Plaintiff and Retzlaff had an acrimonious past. It was, quite simply, legally and factually irrelevant to the criminal charges at issue.

Because Plaintiff has acknowledged that he has no claim for malicious prosecution and has failed to meet his burden to rebut Chief Shackleford's claim of qualified immunity, Plaintiff's Complaint fails to plead any plausible claim overcoming Chief Shackleford's Qualified Immunity.

## IV.
## INDEPENDENT INTERMEDIARY DOCTRINE APPLIES

In his RESPONSE, Plaintiff argues that the independent intermediary doctrine does not apply when "the intermediary's proceeding is tainted by an officer's unconstitutional conduct."[13] As stated above, Plaintiff has claimed Chief Shackleford's affidavit was "tainted" because it listed alleged that the offense occurred in Denton County and because it failed to discuss Retzlaff's alleged criminal history and give a history of the disputes between Plaintiff and Retzlaff. With regard to the first "taint" - the claim that the offense occurred in Denton County - Plaintiff fails to explain how such a statement tainted the review by the independent intermediaries in light of the fact that the location of the crime is not a necessary factor with regard to TEX. PENAL CODE § 36.06 and, thus, could not have altered the findings of the independent intermediaries.

---

[12] Although Plaintiff has alluded to Retzlaff's criminal history, Plaintiff has not pointed to any public record from any jurisdiction which would support those allegations.

[13] *See* PLAINTIFF'S RESPONSE TO MOTION TO DISMISS [Doc. 10] at p. 14-15.

Furthermore, Plaintiff's second alleged "taint" fails for a similar reason. In essence, Plaintiff argues that the independent intermediaries' review was tainted because Chief Shackleford was reckless in failing to provide the alleged criminal history of the complainant [Retzlaff] and the history of hostilities between Plaintiff and Retzlaff. The fallacy of this argument is that it assumes the independent intermediaries, District Judge McFarling Judge and Jail Magistrate Ramsay, would not have found probable cause if they had known Retzlaff's alleged criminal history and the history of the disputes between Retzlaff and Plaintiff.

In support of his argument, Plaintiff cites to the Fifth Circuit's opinion in *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F. 3d 808, 813 (5th Cir. 2010). Plaintiff's reliance is misplaced. In *Cuadra*, the plaintiff had alleged he was falsely arrested for the offense of making false alterations to a government record because information had been intentionally withheld in order to obtain the indictment. In discussing the application of the Independent Intermediary Doctrine, the *Cuadra* court explained that the plaintiff's allegation that the review by the independent intermediaries was "tainted", without anything more, was insufficient. The *Cuadra* Court found that the plaintiff's judicial admission that he had changed the records was sufficient alone to establish probable cause and held that the plaintiff had failed to offer enough to show that anyone had knowingly withheld exculpatory information.

In the present case, as in *Cuadra*, the Plaintiff has alleged nothing more than that the review by both independent intermediaries was "tainted." Plaintiff has acknowledged that the emails in question appeared to have come from him and, on their face, make death threats against a witness. Such information alone is more than sufficient to establish probable cause. Plaintiff failed to allege that Chief Shackleford knowingly withheld facts which would have somehow prevented a finding of probable cause. As such, Plaintiff has failed to overcome the independent intermediary doctrine.

## V.
## CONCLUSION

Chief Shackleford's MOTION TO DISMISS asks the Court to dismiss Plaintiff's suit in its entirety because the 5th Circuit does not recognize an independent cause of action for malicious prosecution and because the causal connection for false arrest was broken by the determination of probable cause by two independent intermediaries. Additionally, Chief Shackleford is entitled to Qualified Immunity with regard to his actions because Chief Shackleford's actions were objectively reasonable in light of the law that was clearly established. Plaintiff's attempt to avoid dismissal by making conclusory statements is insufficient to meet the *Iqbal* plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, Plaintiff's claims should be dismissed.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **MICHAEL SHACKLEFORD** prays that the Court grant his MOTION TO DISMISS; that it dismiss Plaintiff's claims and pleas for damages, and he have such other relief, at law or in equity, to which he may show himself entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)

**ATTORNEYS FOR DEFENDANT**
**MICHAEL SHACKLEFORD**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2019, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following party of record who has consented in writing to accept this Notice as service of this document by electronic means: Jason Van Dyke.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**