**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. 19-cv-786 |
| | § | |
| MICHAEL SHACKLEFORD | § | |
|     Defendant. | § | |

<u>**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**</u>

Defendant's motion to dismiss should be denied. Plaintiff plainly set forth the reasons that is should be denied in his reply to Defendant's motion and will not belabor his points here. Plaintiff will, however, utilize this sur-reply to clarify certain parts of his reply.

**I.      PLAINTIFF'S FOURTH AMENDMENT CLAIM**

The 5th Circuit has permitted cases in the same nature of Plaintiffs to be brought under § 1983 in the recent past.  In *Winfrey v. Rogers*, which involved similar misbehavior by law enforcement as the case before this Court, the 5th Circuit wrote that the question in deciding motions of this nature is not whether a Plaintiff uses the "magic words" or false arrest or malicious prosecution, but rather, whether a cognizable Fourth Amendment claim has been presented. 901 F.3d 483, 491 (5th Cir. 2018). Specifically, the Court wrote: "[w]e agree that a Fourth Amendment claim is cognizable under the facts here.This Court has held that although there is no "freestanding constitutional right to be free from malicious prosecution . . . [t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional

protection— the Fourth Amendment . . . a plurality of the Supreme Court said that malicious-prosecution claims must be based on the Fourth Amendment, rather than on "the more generalized notion of 'substantive due process,'" because the Fourth Amendment is the explicit textual source against this type of government behavior." *Id*.

Defendant's motion should be denied because, regardless of *how* Defendant would prefer to title Plaintiff's claim, he has plead a cognizable claim for relief under the Fourth Amendment. If the Court finds Plaintiff's reference to this more generalized Fourth Amendment claim as "malicious prosecution" to be problematic, the appropriate remedy would be for this Court to allow Plaintiff to replead his case without references to malicious prosecution. It is not, as the 5th Circuit appears to recognize in *Winfrey*, to dismiss a valid Fourth Amendment claim due to semantics.

## II.     DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY

Defendant correctly states that the doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 132 S.Ct. 1235, 1244-45 (2012). In this case, the entire basis of Plaintiff's claims against Shackleford are that he prepared and signed an affidavit in support of an arrest warrant that recklessly omitted or misstated key facts. The key fact that was omitted includes the situs of the offense in Denton County: a fact that Shackleford clearly had doubts about in his initial e-mail communications with Retzlaff.  See Plt.'s Orig. Compl. Ex. B. Shackleford, as it turns out, was right to have concerns about his department's ability to lawfully initiate criminal proceedings against Plaintiff.  See *Tex.*

*Code. Crim. Proc. Art.* 13.37 (stating that a prosecution for obstruction or retaliation may be prosecuted "in any county where . . . the threat to do harm originated or was received"). The first piece of evidence Defendant received was sufficient to raise serious questions concerning jurisdiction. He not only initiated criminal proceedings against Plaintiff anyway but did so without conducting anything resembling a complete and competent investigation.

Defendant's reply is correct in one key respect: Plaintiff and Retzlaff do, in fact, hate and despise each other in the strongest possible terms. Plaintiff should be entitled to proceed with his claim against Defendant to determine the extent to which Chief Shackleford and the rest of his department were aware of the ongoing toxicity between Plaintiff and Retzlaff. Shackleford and the Oak Point Police Department were aware not only of the feud between Plaintiff and Retzlaff, but also that Retzlaff was unlawfully in possession of Plaintiff's personally identifying information, since May 22, 2018. A copy of Retzlaff's correspondence to Shackleford at that time is attached hereto as Exhibit "A" and incorporated by reference herein. It should be noted that similar correspondence was sent to Paul Johnson, the Denton County District Attorney, on or around that time. That correspondence is attached hereto as Exhibit "B" and incorporated by reference herein.

For the reasons stated in Plaintiff's reply, the nature of the extraordinarily toxic relationship between Plaintiff and Retzlaff is particularly relevant to a finding of probable cause.  See Plt.'s Resp. to Def.'s Mot. Dismiss p. 12 – 14. The offense of obstruction and retaliation does not grant a complete blanket of protection to Retzlaff with respect to his status as a witness or prospective witness; the statute only punishes harms or threatened

harms that directly relate to certain proceedings. In this case, a reasonable investigation of the hatred between the parties would have revealed that Retzlaff has (a) directly caused the termination of Plaintiff from two attorney jobs during the course of the previous two years; (b) directly contacted many of Plaintiff's clients in a harassing and threatening manner; and (c) harassed or stalked many of Plaintiff's clients through the posting of false and defamatory statements about them on the "BV Files" blog (located at www.viaviewfiles.net) that Retzlaff owns, controls, and/or provides content to.

Even assuming that Plaintiff sent the threats that were the subject of the obstruction or retaliation arrest at all (**Plaintiff asserts that he did not**), they *still* could not be said to amount to a probable violation of the statute when considering Retzlaff's ongoing criminal interference with Plaintiff's law practice in ways that had nothing to do with the grievance Retzlaff had filed in December of 2017 (not 2018, as alleged on page five of Defendant's reply). A copy of that grievance (less attachments), showing the date that it was initially filed, is attached hereto as Exhibit "C". Plaintiff's has stated facts sufficient to overcome a claim of qualified immunity for 12(b)(6) purposes. Defendant's motion should be denied.

### III.    INDEPENDENT INTERMEDIARY DOCTRINE

Contrary to Defendant's opinion, Plaintiff's reliance on *Cuadra* is not misplaced. Defendant correctly states that *Cuadra* was based on a false arrest allegation where information had been intentionally withheld to obtain an indictment. This is a case where Plaintiff alleges that information was intentionally withheld to obtain an arrest warrant. The question of whether Defendant intentionally deceived the magistrates concerning the

situs of an offense committed, and whether he intentionally withheld relevant information concerning Retzlaff's very real credibility issues is at the heart of this case. Plaintiff alleges that facts concerning the hatred harbored between him and Retzlaff was known to Defendant, had been known to him for a significant time, and was withheld from the magistrate to avoid questions concerning the credibility of his a victim witness who is a convicted felon with a long history of criminally stalking Plaintiff and unlawfully interfering with his legal career. Defendant's motion should be denied.

## IV.   CONCLUSION AND PRAYER

Notwithstanding Defendant's claims to the contrary, Plaintiff had plead sufficient facts to show that his claim is plausible on its face. The 5th Circuit has recognized Fourth Amendment claims such as his in cases such as *Winfrey*. Defendant's investigation was more than just mistaken or negligent; it was reckless – which means that Defendant is not entitled to qualified immunity and Plaintiff can recover punitive damages. Finally, Defendant cannot avail himself of the independent intermediary doctrine because, as in *Cudra*, he intentionally withheld material facts from both magistrates. Plaintiff prays that Defendant's motion to dismiss be denied.

    Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
Email:  jasonleevandyke@protonmail.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was electronically filed on the CM/ECF System, which will automatically serve a Notice of Electronic Filing on Robert Davis, Attorney for Defendant.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
